# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> c/o United States Attorney's Office <br> Judiciary Center Building <br> 555 4th Street, N.W. <br> Washington, DC 20530, <br><br> **Plaintiff,** <br><br> v. <br><br> ONE 2002 CADILLAC ESCALADE EXT automobile, Vehicle Identification Number 3GYEK63N52G360934, <br><br> and <br><br> ONE 2002 BMW 745i automobile, Vehicle Identification Number WBAGL63432DP51884, <br><br> **Defendants.** | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* seeking to condemn and forfeit the defendant properties, two automobiles, to the use and benefit of the United States government, as authorized by Title 21, United States Code, Section 881(a), and Title 18, United States Code, Section 981(a). In support of this cause, as required by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, plaintiff states as follows:

### NATURE OF THE ACTION AND DEFENDANTS *IN REM*

1. This is a civil action *in rem* brought to enforce the provisions of: (1) 21 U.S.C.

§ 881(a)(4), which authorizes forfeiture of all conveyances, including vehicles, which are used, or are intended for use, to transport or in any manner facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of Title II of Pub.L. 91-513, popularly known as the Controlled Substances Act, as amended, codified at 21 U.S.C. §§ 801, *et seq.*; (2) 21 U.S.C. § 881(a)(6), which authorizes the forfeiture of proceeds traceable to the exchange of moneys and other things of value furnished for controlled substances, in violation of the Controlled Substances Act; and (3) 18 U.S.C. § 981(a), which authorizes the forfeiture of property involved in a violation of the anti-money-laundering provisions of 18 U.S.C. §§ 1956 or 1957.

2. The defendant properties are automobiles, described as (a) one 2002 Cadillac Escalade EXT, Vehicle Identification Number 3GYEK63N52G360934 (hereafter called, "the defendant Cadillac Escalade"); and (b) one 2002 BMW 745i, Vehicle Identification Number WBAGL63432DP51884 (hereafter called, "the defendant BMW 745i"). Law enforcement officers seized the two defendant vehicles on June 19, 2007, at 3723 Grant Place, N.E., Washington, D.C. The defendant vehicles are in custody of the United States government.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found. The

defendant properties are now, and during the pendency of this action will be, in the jurisdiction of this Court.

4.    This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5.    On February 23, 2007, Mr. John Smith, also known as "Smitty," (hereafter called, "Mr. Smith") purchased the defendant BMW 745i. To make payment to purchase the defendant BMW 745i, Mr. Smith used: (1) a cashier's check in the amount of $16,000.00, which was given to a bank to extinguish an existing lien against the vehicle; and (2) an additional cash payment of $1,400.00, which Mr. Smith made to the vehicle's previous owner.

6.    On March 23, 2007, Mr. Smith transported in the defendant Cadillac Escalade a suitcase containing what Mr. Smith indicated was heroin.

7.    On March 23, 2007, after removing the suitcase of heroin from the defendant Cadillac Escalade, Mr. Smith delivered the heroin to Mr. Lonnell G. Glover (hereafter called, "Mr. Glover").

8.    Immediately after Mr. Smith delivered the heroin to Mr. Glover on March 23, 2007, the two had a conversation in which they discussed that Mr. Smith recently had returned from the New York metropolitan area after obtaining a shipment of heroin from its supplier.

9.    In May 2007, Mr. Smith and Mr. Glover had at least seven conversations in which they discussed in coded language activities they were undertaking in order unlawfully to acquire and distribute controlled substances such as heroin.

10.    On May 23, 2007, Mr. Smith and Mr. Glover met and discussed pooling their money

together in order to purchase larger quantities of heroin from their supplier in the New York City area, and also spoke about how to pick up their heroin shipment and pay their supplier.

11. On June 12, 2007, a grand jury returned an indictment in the United States District Court for the District of Columbia in <u>United States</u> v. <u>Lonnell G. Glover</u>, *et al.*, Criminal Number 07-0153 (ESH). This indictment charged Mr. Smith, Mr. Glover, and seventeen other defendants with an unlawful Conspiracy to Possess With Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine and One Kilogram or More of Heroin, in violation of Title 21, United States Code, Section 846, a provision of the Controlled Substances Act. The indictment charged that the conspiracy lasted from on or about August 1, 2005, up to and including June 11, 2007, and took place in the District of Columbia, Maryland, and elsewhere.

12. On June 19, 2007, sworn law enforcement officers executed a warrant to search the property and residence at 3723 Grant Place, N.E., Washington, D.C.

13. On June 19, 2007, the property and residence at 3723 Grant Place, N.E., Washington, D.C., was Mr. Smith's home.

14. On June 19, 2007, from the immediate area of Mr. Smith's home on Grant Place, N.E., law enforcement agents seized both the defendant BMW 745i, which had Virginia license tag, KGB-9223, and the defendant Cadillac Escalade, which had Virginia license tag YSJ-3099.

15. On June 19, 2007, the defendant Cadillac Escalade was registered to Mr. Smith.

16. On June 19, 2007, the defendant BMW 745i was registered to Mr. Smith.

17. On June 19, 2007, from Mr. Smith's home at 3723 Grant Place, N.E., law enforcement agents seized more than 300 grams of heroin.

18. The heroin seized on June 19, 2007, from Mr. Smith's home was worth about $100

per gram.

19. On June 19, 2007, from Mr. Smith's home at 3723 Grant Place, N.E., law enforcement agents seized almost $28,000 in U.S. currency.

20. On June 19, 2007, from Mr. Smith's home at 3723 Grant Place, N.E., law enforcement agents seized two handguns.

21. At the time of its seizure in June 2007, the defendant BMW 745i had an appraised value of nearly $30,000. At the time of its seizure in June 2007, the defendant Cadillac Escalade had an appraised value of more than $18,000.

22. After the defendant properties had been seized, the Federal Bureau of Investigation ("FBI") began procedures to forfeit the vehicles to the U.S. government by an administrative, non-judicial process, and the FBI gave notice of this to Mr. Smith.

23. On or about August 30, 2007, the FBI received from Mr. Smith a written claim of ownership of the defendant properties.

24. Upon information and belief, during the time that he owned the defendant properties, Mr. Smith had no wages from lawful employment.

25. Mr. Smith purchased the defendant Cadillac Escalade in March 2003 for the sale price of $48,240.00, plus $1,447.20 in taxes. The purchase was subject to a lien on the car, but this lien had been extinguished by June 2007. On information and belief, this lien was extinguished by payments made on Mr. Smith's behalf, using, in whole or in part, the proceeds of his participation in an unlawful conspiracy in violation of 21 U.S.C. § 846.

26. In whole or in part, the funds that Mr. Smith used to pay for the purchase of the defendant properties were the proceeds of his participation in the unlawful conspiracy in violation

of 21 U.S.C. § 846, for which the grand jury indicted him on June 12, 2007.

27. After receiving Mr. Smith's claim to the defendant properties on August 30, 2007, the Federal Bureau of Investigation halted the process for administrative forfeiture. Within 90 days, plaintiff has commenced the procedures to forfeit the defendant properties by judicial process.

## COUNT ONE

1. The factual statements made in paragraphs 1 through 27 are re-alleged and incorporated by reference herein.

2. The defendant Cadillac Escalade is a conveyance and vehicle which was used, or was intended for use, to transport in any manner, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act.

3. As such, the defendant Cadillac Escalade is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## COUNT TWO

1. The factual statements made in paragraphs 1 through 27 are re-alleged and incorporated by reference herein.

2. The defendant BMW 745i and the defendant Cadillac Escalade each constitutes proceeds traceable to one or more exchanges of moneys, negotiable instruments, securities, or other things of value furnished by a person in exchange for a controlled substance, in violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act.

3. As such, the defendant BMW 745i and the defendant Cadillac Escalade each is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## COUNT THREE

1.	The allegations contained in paragraph numbers 1 through 27 are realleged and incorporated, herein, by reference.

2.	The defendant BMW 745i is property that was involved in "money laundering." Specifically, the purchase of defendant vehicle was a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, a "specified unlawful activity," or a monetary transaction in property of a value greater than $10,000 that was derived from "specified unlawful activity."

3.	In light of the above-described events, the defendant BMW 745i was involved in a violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) or 1957(a), and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

*WHEREFORE*, the plaintiff prays that, as to the above-referenced defendant properties, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant properties be condemned as forfeited to the United States of America; and for such other and further relief as this Court deem just, necessary and proper.

Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY

*/s/ William R. Cowden*
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney

          */s/ Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

**VERIFICATION**

I, Timothy Pak, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this ___ day of November , 2007.

_____
Timothy Pak,
Special Agent
Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS<br><br>UNITED STATES OF AMERICA<br><br>(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS Property Identified as one 2002 Cadillac Escalade EXT, VIN:3GYEK63N52G360934 and one 2002 BMW 745i automobile,VIN: WBAGL63432DP51884<br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☒ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. section 881(a)(4), 21 U.S.C. section 881(a)(6), and 18 U.S.C. section 981(a) -money Laundering (violation of controlled substances Act)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   ☐    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   ☐ NO   If yes, please complete related case form.

DATE  11/28/07   SIGNATURE OF ATTORNEY OF RECORD  W. Barry Wiegand  *Barry Wiegand*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.