## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 07-2146 (ESH)** |
| | : | |
| **ONE 2002 CADILLAC ESCALADE EXT** | : | |
| **automobile, Vehicle Identification Number** | : | |
| **3GYEK63N52G360934,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ONE 2002 BMW 745i automobile,  Vehicle** | : | |
| **Identification Number WBAGL63432DP51884,** | : | |
| | : | |
| **Defendants.** | : | |
| ————————————————————: | : | |
| | : | |
| **JOHN HENRY SMITH,** | : | |
| | : | |
| **Claimant.** | : | |
| ————————————————————: | | |

### PLAINTIFF'S MOTION TO STAY AND SUPPORTING MEMORANDUM

***COMES NOW***, plaintiff United States of America, by and through its attorney, the United

States Attorney for the District of Columbia, to move for a stay of proceedings in this civil forfeiture

action until 30 days after the return of a verdict in a related criminal case, United States v. Lonnell

G. Glover, *et al.*, Crim. No. 07-0153 (ESH).  Plaintiff files this motion after receiving notice through

the Court's Electronic Case Filing (ECF) system of two pleadings from Mr. John Henry Smith,

which appear to be *pro se*.  One is titled: "Claim In Interest Of Defendants Properties" (*sic*); the

other is styled "Verified Answer To Complaint for Forfeiture *In Rem*."  This "Verified Answer"

pleading states: "I request that these proceedings be stayed pending the outcome" of a related

criminal case,  United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH).  Mr. Smith is

an indicted defendant in the related <u>Glover</u> criminal case.  In support of this motion, plaintiff respectfully submits as an incorporated Memorandum of Law the points and authorities cited below:

I. **<u>BACKGROUND</u>**.

1.      On November 28, 2007, the government brought this civil action *in rem* against the defendant automobiles, claiming that they should be forfeited to the United States because of their ties to alleged drug-trafficking and money-laundering crimes.  <u>See</u> 21 U.S.C. § 881, 18 U.S.C. § 981 (authorizing forfeiture of property based on links to particular crimes).

2.      Law enforcement officers seized the defendant automobiles on June 19, 2007, from the immediate area of the home of Mr. John Henry Smith at a specific address in the 3700 block of Grant Place, N.E., Washington, D.C.  When seized, both defendant automobiles were registered to Mr. Smith.  Earlier, a grand jury indicted Mr. Smith and others on charges of unlawful conspiracy and related crimes of unlawful possession and distribution of controlled substances, in violation of the Controlled Substances Act, codified at 21 U.S.C. §§ 801, *et seq.*  That criminal case is <u>United States</u> v. <u>Lonnell G. Glover, *et al.*</u>, Crim. No. 07-0153 (ESH).  In this civil forfeiture action, the government asserts that the defendant automobiles are the proceeds of the indicted drug crimes or that the vehicles were involved in drug-trafficking and money-laundering crimes.

3.      On January 28, 2008, in this civil case, the Court docketed two filings, which have a signature for John Henry Smith:  (1) a "Claim In Interest Of Defendants Properties;" and, (2) a "Verified Answer To Complaint for Forfeiture *In Rem*."  In both filings, it appears that Mr. Smith proceeds *pro se*, as neither identifies counsel representing Mr. Smith, and this case's docket does not show that any counsel has entered an appearance on Mr. Smith's behalf.  (Ms. Cynthia Katkish, Esq., has been appointed counsel for Mr. Smith in the related <u>Glover</u> criminal case, and she has

advised that she does not now represent Mr. Smith in this civil action.)

4.      Mr. Smith's "Verified Answer" pleading states: "I request that these proceedings be stayed pending the outcome" of the related <u>Glover</u> criminal case.

5.      Without agreeing that either document constitutes a properly filed claim and answer in this civil action, or that they make Mr. Smith a proper claimant or party to this case, plaintiff states that it does not object to a stay of these forfeiture proceedings until 30 days after the jury renders a verdict in the related <u>Glover</u> criminal case.  To facilitate matters, plaintiff has filed this motion, presuming that Mr. Smith favors the Court staying this civil action.

6.      At the time that plaintiff makes this motion, the Court's electronic docketing system shows that no other person party has filed a claim in this case, which is a prerequisite to entering the action to defend the forfeiture claim.  <u>See</u> 18 U.S.C. § 983(a)(4); Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(5).

7.      This civil forfeiture proceeding is related to the prosecution of the criminal case, <u>United States</u> v. <u>Lonnell G. Glover, *et al.*</u>, Crim. No. 07-0153 (ESH).  When plaintiff brought this civil forfeiture action on November 29, 2007, it also filed a "Notice of Related Case" citing <u>United States</u> v. <u>Lonnell G. Glover, *et al.*</u>, Crim. No. 07-0153 (ESH), pursuant to LCvR 40.5.  Plaintiff asserts that the civil discovery, which claimant Smith is sure to undertake in this forfeiture proceeding, will seek information to which defendant Smith has no right under the Federal Rules of Criminal Procedure for discovery.  Responding to such civil discovery will adversely affect the government's ability to conduct the prosecution of the related criminal case.  Further, plaintiff acknowledges the likelihood that continuation of this forfeiture proceeding will burden Mr. Smith's

right against self-incrimination in the related criminal case.[1]

## II. **GOVERNING LAW**.

8.      Title 18, U.S.C. § 981, authorizes the civil forfeiture of certain property based on its connection to various crimes, and § 981(g) authorizes a stay of civil forfeiture proceedings. Similarly, 21 U.S.C. § 881 authorizes civil forfeiture of property based on its connection to certain drug-related offenses, and § 881(i) authorizes a stay of civil forfeiture proceedings under the provisions of 18 U.S.C. § 981(g).

9.      Subsection 981(g)(1) governs a stay on a motion by the United States, and § 981(g)(2) controls a claimant's motion for a stay.  The United States may seek a stay if "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  18 U.S.C. § 981(g)(1).  A claimant may seek a stay if "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."  18 U.S.C. § 982(g)(2).

10.      As noted, plaintiff accepts that there is a reasonable basis in fact and in law for Mr. Smith to assert that his right against self-incrimination will be burdened by responding to the

---

[1] To seek a stay, Mr. Smith must (A) be the subject of a related criminal investigation or case; and, (B) have standing to assert a claim in the civil forfeiture proceedings.  See 18 U.S.C. § 981(g)(2).  Plainly, Mr. Smith is the subject of a related criminal case.  For the purposes of this motion for a stay *only*, plaintiff agrees that Mr. Smith has standing to assert a claim in this civil forfeiture proceeding.  But, plaintiff does not waive its right to dispute the issue of Mr. Smith's "standing" at a later stage of this action, for example, by asserting that the claim and answer were untimely or otherwise deficient in form or content.  See 18 U.S.C. § 981(g)(7) (court's determination that claimant has standing when seeking stay does not preclude government from objecting to claimant's standing in dispositive motion or at time of trial); see also 18 U.S.C., § 983(a)(4)(A) (when government files complaint for forfeiture of property, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims"); Supplemental Rules G(5) (setting deadline for filing claim and requiring claim to identify claimant's interest in property).

government's likely requests for civil discovery. Plaintiff is certain that Mr. Smith's requests for discovery will affect adversely the government's ability to prosecute the related criminal case. Consequently, plaintiff asks the Court to stay proceedings in this action until 30 days after the return of a verdict in United States v. Lonnell G. Glover, et al., Crim. No. 07-0153 (ESH). If the Court grants this motion, plaintiff will move to convene a status hearing in this action following the verdict, or otherwise advise the Court when the stay may be dissolved.[2]

11.     As it appears that Mr. Smith is proceeding *pro se* in this civil action, and he is detained pending trial in the criminal case, undersigned counsel has been unable to contact him to ascertain his position on this motion. But, the statement in the "Verified Answer" pleading indicates that Mr. Smith desires a stay.[3]  A proposed order granting this motion is attached.

**WHEREFORE**, plaintiff prays this Honorable Court to grant this motion, to stay proceedings in this matter, and to issue the attached proposed order.

Respectfully submitted,

 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

---

[2] Plaintiff notes that both defendant automobiles are depreciating assets, whose value, if forfeited, only will decrease during any stay. Plaintiff expects to move shortly for authority from the Court for the defendant automobiles' interlocutory sale.

[3] Undersigned counsel contacted Ms. Katkish, Mr. Smith counsel in the related Glover criminal case. Ms. Katkish conveyed her understanding that Mr. Smith wishes the Court to stay this action, which conforms to what is stated in the "Verified Answer" pleading, but Ms. Katkish, of course, noted that she could not state Mr. Smith's position formally.

   /s/ Barry Wiegand                
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov

     I HEREBY CERTIFY that a copy of this pleading and the attached motion and proposed order will be served on Mr. John Henry Smith, both by posting a copy to him at the place of his detention pending trial on or before January 29, 2008, and by transmitting a copy of it to counsel for Mr. Smith in the related criminal case.  To this end, I have sent a copy of the motion and proposed order by e-mail to Ckatkish1@ComCast.Net.  Additionally, I have had a copy of this motion and proposed order deposited in the U.S. mails, in an envelope to which sufficient postage for first-class delivery has been affixed, addressed to Ms. Cynthia Katkish, Esq., 601 Pennsylvania Avenue, N.W., South Building, Suite 900, PMB 221, Washington, D.C. 20004 (202) 639-8132 (o).

   /s/ Barry Wiegand               
Barry Wiegand
Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No. 07-2146 (ESH)** |
| | : | |
| **ONE 2002 CADILLAC ESCALADE EXT** | : | |
| **automobile, Vehicle Identification Number** | : | |
| **3GYEK63N52G360934,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ONE 2002 BMW 745i automobile, Vehicle** | : | |
| **Identification Number WBAGL63432DP51884,** | : | |
| | : | |
| **Defendants.** | : | |
| ——————————————————: | : | |
| | : | |
| **JOHN HENRY SMITH,** | : | |
| | : | |
| **Claimant.** | : | |
| ——————————————————: | | |

### ORDER

This matter came before the Court on plaintiff's motion for a stay of the proceedings in this civil forfeiture action, pursuant to 18 U.S.C. § 981(g) and 21 U.S.C. § 881. This followed the filing of what appears to be a *pro se* "Verified Answer" pleading by Mr. John Henry Smith, which states, "I request that these proceedings be stayed pending the outcome" of a related criminal case, United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH). John Henry Smith is an indicted defendant in the Glover criminal case. Upon consideration of the representations in plaintiff's motion, and the entire record herein, the Court determines that: (1) civil discovery will affect adversely the ability of the Government to prosecute a related criminal case; and, (2) claimant's rights against self-incrimination will be burdened in a related criminal case by continuation of the

proceedings of this action, at least until 30 days following the return of a verdict in the related criminal case, <u>United States</u> v. <u>Lonnell G. Glover</u>, Crim. No. 07-0153 (ESH).[1]  Therefore, it is by the Court this _____ day of January 2008,

ORDERED, that plaintiff's motion for a stay of proceedings in this action be, and the same hereby is, GRANTED; and it is further

ORDERED, that proceedings in this action be, and the same hereby are, STAYED, until further order of the Court; and it is further

ORDERED, that within 30 days following the return of a verdict in the related criminal case, <u>United States</u> v. <u>Lonnell G. Glover</u>, Crim. No. 07-0153 (ESH), plaintiff shall move the Court to

---

[1] Based upon plaintiff's acknowledgment of these points, as this is limited in its motion, the Court also has determined for purposes of the stay motion *only*, that claimant is a subject of a related criminal investigation or case and has standing to assert a claim in this action.

convene a status hearing in this action, or otherwise advise the Court when the stay may be

dissolved.

       SO ORDERED.

_____                _____

Dated                                           ELLEN S. HUVELLE
                                              United States District Judge

cc:     John Henry Smith,
          c/o U.S. Marshals Service
          D.C. Jail

          Ms. Cynthia Katkish, Esq.
          counsel for Mr. John Henry Smith
          in  United States v. Lonnell G. Glover, et al., Crim. No. 07-0153 (ESH)
          601 Pennsylvania Avenue, N.W.,
          South Building, Suite 900, PMB 221
          Washington, D.C. 20004
          (202) 639-8132 (o)

          Barry Wiegand
          Assistant United States Attorney
          555 4th Street N.W., Asset Forfeiture Unit, fourth floor
          Washington, DC 20530
          (202) 307-0299 (with voice-mail); (202) 514-8707 (Telefax)
          William.B.Wiegand@USDoJ.Gov